**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Case No. 16-16848 |
| OCTAVIO RODRIGUEZ, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | Hearing Date:  Wednesday, May 22, 2019 |
| | ) | Hearing Time:  9:30 a.m. |

**NOTICE OF OBJECTION TO CLAIMS 8, 9, AND 10**
**FILED BY SALVADORE QUIROGA, ALFREDO RAMIREZ, AND RICARDO**
**MORENO ZAMUDIO**

**PLEASE TAKE NOTICE** that Trustee Karen Goodman has filed an objection to your claims in this bankruptcy case.  **Your claim may be reduced, modified or eliminated. You should read these papers carefully and discuss them with your attorney if you have one.**

If you do not want the court to eliminate or change your claim, on **Wednesday, May 22, 2019 at 9:30 a.m.**, you must attend the hearing on the objection scheduled to be held before Honorable A. Benjamin Goldgar or such other Judge as may be presiding in that Judge's stead, in Courtroom 642, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, at which time we will present *The Trustee's Unopposed Omnibus Objection to the Unsupported Claims of Certain Former Employees (Quiroga, Ramirez and Zamudio)*, a copy of which is attached hereto and served upon you herewith. You may also, if you desire, file a response with the Clerk of the Bankruptcy Court, 219 South Dearborn Street, Chicago, IL 60604 in writing prior to the date of that hearing.

DATED:  April 22, 2019         By: _/s/ David J. Gold_____
                   Counsel for Karen Goodman,
                   Chapter 7 Trustee

David J. Gold (ARDC # 6299872)
**PERKINS COIE LLP**
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603
Tel.: (312) 324-8540 / Fax: (312) 324-9540

144129468.1

## CERTIFICATE OF SERVICE

David J. Gold, an attorney, hereby certifies that on April 22, 2019 he caused *The Trustee's Omnibus Objection to the Unsupported Claims of Certain Former Employees (Quiroga, Ramirez and Zamudio)* to be filed via the Court's ECF system which sent notification of such filing to the parties registered to receive ECF notice, and also served as otherwise indicated below:

**Via Email and U.S. Mail**

Karen Engelhardt
Allison, Slutsky & Kennedy, P.C.
230 W. Monroe Street, Suite 2600
Chicago, Illinois 60606
kie@ask-attorneys.com

                */s/ David J. Gold*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Case No. 16-16848 |
| OCTAVIO RODRIGUEZ, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |

**THE TRUSTEE'S UNOPPOSED OMNIBUS OBJECTION
TO THE UNSUPPORTED CLAIMS OF CERTAIN FORMER EMPLOYEES
(QUIROGA, RAMIREZ AND ZAMUDIO)**

Karen Goodman, the chapter 7 trustee for the estate of Octavio Rodriguez (the "Trustee), through her undersigned counsel, hereby objects to Claim Nos. 8, 9 and 10 (collectively, the "Claims") pursuant to 11 U.S.C. § 502 and Fed. R. Bank. P. 3007(d), and in support thereof, states as follows:

**IMPORTANT NOTICE TO CLAIMANTS**

1. The claimants (the "Claimants") and their Claims that are the subject of the Trustee's Objection are:

    a. Claim No. 8 - Salvadore Quiroga - *See* Exhibit A

    b. Claim No. 9 - Alfredo Ramirez - *See* Exhibit B

    c. Claim No. 10 - Ricardo Moreno Zamudio - *See* Exhibit C

2. Claimants receiving this Objection should locate their names and claims in this Objection.

3. The Trustee is objecting to the Claims based on the claimants' failure to provide evidentiary support for their claims, among other things.

**OBJECTION**

4. Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed

144129468.1

"unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) further provides:

> if such an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . and shall allow such claim in such amount, except to the extent that – (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1). The Trustee is a party in interest and thus authorized to object to the Claims.

5.	Between May 10 and May 11, 2017, attorney Karen Engelhardt filed proofs of claim on behalf of the Claimants as well as three other individuals, each of which was executed solely by attorney Engelhardt. Each of the claims filed by attorney Engelhardt assert that an individual is owed unpaid wages associated with their employment at a car wash business that the Debtor formerly owned and operated. At this time, the Trustee is only objecting to the three Claims and is not currently objecting to the other claims filed by attorney Engelhardt.

**A.	Claim No. 8 - Salvadore Quiroga**

6.	Claim No. 8 asserts that Mr. Quiroga is owed back wages relating to the car wash business. The claim contains a summary of Mr. Quiroga's alleged unpaid wages, but no evidence of his actual employment such as pay stubs or IRS reporting forms. The Debtor has notified the Trustee of the following informal objection that the Debtor has to Mr. Quiroga's claim:

    a.	Mr. Quiroga was never an employee of the car wash.

7.	To date, the Trustee has not been able to fully corroborate the Debtor's objection to Mr. Quiroga's claim. However, based on the Debtor's statements and the Trustee's own concerns about the validity of this claim, the Trustee requested that attorney Engelhardt produce documentation evidencing Mr. Quiroga's employment at the car wash. Attorney Engelhardt was

unable to do so and was unable to offer any testimony from Mr. Quiroga or documents in support of his claim for unpaid wages.

8. The documents that attorney Engelhardt did produce in response to the Trustee's request include affidavits and audit records from a prepetition lawsuit filed in 2014 by the Illinois Department of Labor against the Debtor and his business (the "DOL Documents"). Those documents, which list known employees of the car wash, make no mention of Mr. Quiroga.

**B.    Claim No. 9 - Alfredo Ramirez**

9. Claim No. 9 asserts that Mr. Ramirez is owed back wages relating to the car wash business. The claim contains a summary of Mr. Ramirez's alleged unpaid wages, including what appears to be a summary of his time and pay records. The Debtor has notified the Trustee of the following informal objection that the Debtor has to Mr. Ramirez's claim:

a. Mr. Ramirez (a/k/a Lupe Martinez) executed a waiver of his claims against the Debtor on September 1, 2016 (post-petition). The Debtor produced a document purportedly signed by the claimant stating:

"I Lupe Martinez Me retiro de las demandas que hay contra Octavio Rodriguez y little village car wash"

The English translation of that statement is:

"I Lupe Martinez I withdraw from the demands that are against Octavio Rodriguez and little village car wash"

10. To date, the Trustee has not been able to fully corroborate the Debtor's objection to Mr. Ramirez's claim. However, based on the Debtor's statements and the Trustee's own concerns about the validity of this claim, the Trustee requested that attorney Engelhardt produce

-3-

144129468.1

documentation evidencing the amounts that Mr. Ramirez is owed and relating to the alleged waiver of his claim. Attorney Engelhardt was unable to do so and was unable to offer any testimony from Mr. Ramirez that is contrary to the Debtor's statements.

**C.     Claim No. 10 - Ricardo Moreno Zamudio**

11.     Claim No. 10 asserts that Mr. Zamudio is owed back wages relating to the car wash business. The claim contains a summary of Mr. Zamudio's alleged unpaid wages based on an approximated time of employment. The summary attached to the claim does not indicate the hours allegedly worked, the hours allegedly unpaid or provide any detail as to how the claim was calculated. The Debtor has notified the Trustee of the following informal objections that the Debtor has to Mr. Zamudio's claim:

    a.     To the extent that Mr. Zamudio was owed any back wages, he was paid amounts owed to him as part of a settlement reached with the Illinois Department of Labor in 2012.

    b.     Mr. Zamudio was not an employee of the car wash after 2012.

12.     To date, the Trustee has not been able to fully corroborate the Debtor's objections to Mr. Zamudio's claim. However, based on the Debtor's statements and the Trustee's own concerns about the validity of this claim, the Trustee requested that attorney Engelhardt produce documentation evidencing Mr. Zamudio's employment at the cash wash and the amounts that Mr. Zamudio is owed. Attorney Engelhardt was unable to do so and was unable to offer any testimony from Mr. Zamudio that is contrary to the Debtor's statements. In addition, the DOL Documents make no mention of Mr. Zamudio's employment at the car wash.

13.     While Bankruptcy Rule 3001(f) grants *prima facie* validity to claims filed "in accordance with these rules," Claim Nos. 8 and 10 provide insufficient detail to establish their

144129468.1

validity and thus the Court should not afford those claims any measure of validity under Rule 3001(f). Additionally, the Trustee and the Debtor have raised specific and serious concerns with the validity of all three of the Claims, which concerns attorney Engelhardt has been wholly unable to address.

14. Claim objectors carry the initial burden to produce some evidence to overcome the rebuttable presumption of validity. *See In re Sentinel Mgmt. Grp., Inc.*, 417 B.R. 542, 550 (Bankr. N.D. Ill. 2009). "Once the objector has produced some basis for calling into question allowability of a claim, the burden then shifts back to the claimant to produce evidence to meet the objection and establish that the claim in fact is allowable." *Id.* "[T]he ultimate burden of persuasion always remains with the claimant to prove entitlement to the claim." *Id.*

15. Here, the Trustee has shown sufficient evidence to call into question the allowability of the Claims and the Claimants, through their counsel of record, are unable to produce evidence to meet the Trustee's objection and establish that the Claims are allowable. Accordingly, the Court should disallow the Claims.

16. It is important to note that the Trustee has provided attorney Engelhardt with a copy of the Trustee's Objection and attorney Engelhardt has informed the Trustee that she does not plan to oppose this Objection.

## NOTICE

17. Notice of this Objection has been served upon: (a) the United States Trustee; (b) counsel for the Claimants; (c) counsel for the Debtor; and (d) any party that has appeared and/or requested notice registered to receive ECF notifications. The Trustee submits that, under the circumstances, no further notice of this objection is necessary and requests that any further notice be dispensed with and waived.

144129468.1

## CONCLUSION

WHEREFORE, Trustee respectfully requests the Court's entry of an order disallowing the Claims in their entirety and granting such other and further relief the Court deems just and proper.

DATED: April 22, 2019 By: */s/* David J. Gold
        Counsel for Karen Goodman,
        Chapter 7 Trustee

David J. Gold (ARDC # 6299872)
**PERKINS COIE LLP**
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603
Tel.: (312) 324-8540