# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16 B 16848 |
| | ) | Chapter 7 |
| **OCTAVIO RODRIGUEZ** | ) | |
| | ) | **Judge A. Benjamin Goldgar** |
| Debtor. | ) | |
| | ) | |

## NOTICE OF MOTION

TO:   ECF Services List

     PLEASE TAKE NOTICE that on Wednesday, February 12, 2020, at 10:00 a.m., or as soon thereafter as counsel can be heard, counsel will appear before the Honorable Judge Goldgar in Courtroom 642 or in the Courtroom usually occupied by him in the United States Bankruptcy Court, 219 South Dearborn Street Chicago, IL 60604, and present Creditors Fernandez, Martinez and Cervantez' Motion for Sanctions under Rule 9011, copies of which is served upon you.

                                                          By:      /s/Karen I. Engelhardt
                                                                       Counsel for Plaintiffs

Allison, Slutsky & Kennedy, P.C.
230 W. Monroe Street Suite 2600
Chicago, IL 60604
(312) 364-9400
February 5, 2020

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney states that she served copies of the foregoing Notice of Motion and the Creditors Fernandez, Martinez and Cervantez' Motion for Sanctions under Rule 9011 by electronically filing it with the Court's EM/ECF system which will send notification of such filing and a link to access this document upon all of those who filed an appearance in this matter.

                                                         By:      /s/Karen I. Engelhardt
                                                                   Counsel for Fernandez

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re: ) | Case No. 16 B 16848 |
| ) | Chapter 7 |
| **OCTAVIO RODRIGUEZ** ) | |
| ) | **Judge A. Benjamin Goldgar** |
| Debtor. ) | |
| ) | |

**CREDITORS FERNANDEZ, MARTINEZ AND CERVANTEZ' MOTION**
**FOR SANCTIONS UNDER RULE 9011**

Creditors Miguel Angel Fernandez, Sabino Cervantez and Ceasar Martinez, (hereinafter "Creditors") by their attorneys, serve this motion for sanctions to Debtor's Counsel pursuant to Bankruptcy Rule 9011(c)(1)(A), which requires that a motion for sanctions be served twenty-one days prior to its filing, allowing the Debtor to appropriately correct or withdraw its challenged filing.

As described more fully below, the above named creditors move for sanctions where factual contentions submitted by the Objections filed as Docket Nos. 162, 163, and 164, directly contradict under oath statements of the Debtor in the attached deposition transcript taken on December 10, 2015 in the matter, *People of the State of Illinois ex.rel., Illinois Department of Labor v. Little Village Car Wash, Inc.,et al,* 2014 L 10835. (1st. Dist.). (See Exhibit A, attached hereto). According to Rule 9011(b)(3) factual allegations must have evidentiary support or must be likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. In addition, the allegations ignore the legal obligations applicable to all Illinois employers under state and federal law and are thus unsupported by exiting law. Sanctions are available if the Court determines that subdivision Rule 9011(b) has been violated, and the Court may impose appropriate sanctions upon all attorneys, law firms or all parties responsible who have violated subdivision (b). F.B.R.P., Rule 9011. In support of this motion, the Creditors state as follows:

1. Creditors each filed a proof of claim in the above captioned matter. Ceasar Martinez filed

a claim (# 5) seeking $41,705.00 in wages plus penalties (total $83,410.00); Sabino Cervantez filed a claim (# 4) seeking $81,225.00 in wages plus penalties (totaling $162,450.00); and Miguel Angel Fernandez filed a claim (#7) seeking $35,559.00 in wages plus penalties (totaling $69,726.00). Each claim is supported by data obtained through an investigation performed by the Illinois Department of Labor which was part of litigation before the Circuit Court of Cook County, Illinois, immediately before the instant matter was filed.[1]

2. On or about July 29, 2019, the Debtor filed an Objection to Claim #7 (Dk# 152) for Miguel Angel Fernandez claiming that Fernandez resolved this matter by signing a statement withdrawing counsel's appearance and a settlement agreement. Counsel for Fernandez, alerted this Court that claimant, Fernandez, was subjected to illegal threats and coercion. The Court responded by seeking the appearance of the U.S. Attorney in this matter. (Dk# 156). Efforts to depose the individual upon whom the Debtor paid hundreds of dollars to obtain Mr. Fernandez' "settlement" could not be served with a subpoena for a deposition.

3. Debtor filed an Amended Objection to Fernandez' claim, together with Objections, to Cervantes and to Martinez' claims. (Dk # 162, 163, 164). In each Creditors' Objections, Debtor Rodriguez, by his attorney, states as follows: "4. The debtor <u>has maintained business records for Little Village Car Wash; the records reflect all dates in which an employee has worked</u>." (No records are attached to the Objections.) Debtor forwarded records to counsel's attention which appear to identify names of individuals and dates but no hours, wages paid or "payroll" reflecting deductions for taxes or hours worked, nor times clocked in and out. (Attached hereto is an example of the records produced, Exhibit B). Debtor maintains that his records will contradict the calculations in the proof of claim. Further in paragraph 7, the Objection provides that Creditors were

---

[1] Contrary to the Debtor's Objection, this bankruptcy matter was originally filed under Chapter 13 of the Bankruptcy Code on May 18, 2016. On August 30, 2016, it was converted to a Petition under Chapter 7 of the Bankruptcy Code.

"Tipped Employee." and that the Debtor is now seeking the tip credit.

4.  While allegations in the Objections may best be described as facts contradicting the proof of claims, these facts also **contradict the Debtor's under oath testimony in litigation** which was stayed due to the filing of the instant bankruptcy petition.  The filing of the 2014 lawsuit is disclosed as it is included in the Debtor's Statement of Financial Affairs for Individuals (Docket # 49, Part 4, paragraph 9).  Counsel Lloyd was fully aware of the pending litigation in Circuit Court.

5.  The attached transcript, Exhibit A, reflects that on December 10, 2015, the witness Octavio Rodriguez was sworn under oath by an interpreter (p. 3).  Rodriguez testified that his business was the subject to an earlier U.S. Department of Labor investigation in 2012 for overtime violations. (p. 8).  For the time period after 2012, Rodriguez testified that he could not identify the amounts paid to his employees. (p. 20).  Employees were paid in cash. (p. 25).  No withholding was made from employees' pay. (p. 26). Rodriguez testified that workers were paid daily by the Company's cashier. (p. 21).  He said that they were paid "by the car." (p. 21 see p. 25).  He said no payroll records were kept. (p. 21).  He said no time records were kept (p. 21, see also p. 29).  He said receipts of employees' work were kept until the end of the day when employees were paid, and then [the records] were not maintained. (p. 22).  Records were also not kept reflecting the days a week a worker worked (pp. 22-23).  No time records were kept on behalf of employees. (p. 25).[2]  Workers were not responsible to sign in and out for work or to provide the number of cars washed. (p. 33) U.S. form 1099 was distributed to employees for only one year, 2010. (p. 28), and the reason for not distributing forms in other years was that he [Rodriguez] could keep track of the amounts paid to employees. (p. 28).  Rodriguez fails to present any documentation or discuss policies that ensured that employees worked less than 40 hours per week.  (p.33-34), and Rodriguez testified that he was

---

[2] Rodriguez' counsel makes continuing objection to the characterization that individual workers were "employees."  He claims that his client indicated they were not "employees." (P. 27).

not at the car wash location full time but possibly a two hours a day. (p. 34).

6.It appears that the "new" Objections were filed without recognizing under oath statements by the individual Debtor in the litigation matter over the amounts of pay owed to various car wash workers, which are also subject of each proof of claim. Under Rule 9011, factual contentions need to have evidentiary support or will likely have evidentiary support. It is well known that to be sanctionable, a misstatement must be more than an innocent mistake. *J. Brent*, 458 B.R. 444, 457 (N.D.Bkrpt. Ill). In this case it appears that each Objection is crafted solely to bar the claimants from their rightfully due wages and cause unnecessary delay or needless cost to the litigation in violation of Rule 9011 (b)(1).

7.In this case the Debtor will need to "come forward with evidence of the precise amount of work performed" *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946), in order to lawfully challenge the employees' statements of their due wages. An examination of the wages obligations for employers in Illinois reflects that the complete absence of payroll records or any time records makes it impossible for Debtor to overcome this burden. No records were kept as to what each employee was paid and the amount of tips received.

Moreover, the Fair Labor Standards Act governs tip-credit wages in 29 U.S.C. § 203(m), and employers are required to inform to employees about their wages and entitlement before claiming a tip credit. Without accurate and complete payroll records reflecting hours worked, dates worked, and amount of gross pay, Debtor's new characterization in the recent Objections filed that this employer was entitled to a tip credit cannot be established.

Wherefore, based on the facts and the evidence adduced in litigation enitled, *People of the State of Illinois ex.rel., Illinois Department of Labor v. Little Village Car Wash, Inc.,et al,* 2014 L 10835. (1st. Dist.), which involved some of the identical issues which are subject of the parties' proof of claims pending before this court after the safe-harbor period of 21 days Claimants will

request this Court to hear its motion for Sanctions and enter an award for monetary sanctions seeking not only consisting of all attorneys' fees and costs related to the direct violation but also fees sufficient to deter repetition of such conduct or comparable conduct, as prescribed by F.B.R. P., Rule 9011(B)(2).

                Respectfully submitted,

                /s/Karen I. Engelhardt

Allison, Slutsky & Kennedy P.C.
230 W. Monroe Street, Suite 2600
Chicago, Illinois 60606
(312) 364-9400
Fax: (312) 364-9410
Kie@ask-attorneys.com
February 5, 2020


# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16 B 16848 |
| | ) | Chapter 7 |
| **OCTAVIO RODRIGUEZ** | ) | |
| | ) | **Judge A. Benjamin Goldgar** |
| Debtor. | ) | |
| | ) | |

## ORDER GRANTING CLAIMANTS' MOTION
## FOR RULE 9011 SANCTIONS

THIS CAUSE coming to be heard on Claimants Sabino Cervantez, Ceasar Martinez, and Miguel Angel Fernandez' motion for sanctions under F.B.R. P., Rule 9011the Court being advised in the premises:

IT IS HEREBY ORDERED that monetary relief under Rule 9011 is granted and consists of the following: [BY COURT]

ENTER:

_____
Honorable A. Benjamin Goldgar
United States Bankruptcy Judge

Date:

Prepare in part by: Karen I. Engelhardt
     Allison, Slutsky & Kennedy, P.C.
     230 W. Monroe Street, Suite 2600
     Chicago, Illinois 60606
     (312) 364-9400
     Kie@ask-attorneys.com